UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CRIMINAL ACTION NO. 4:21-mj-00034-HBB-1

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.

CAROL LEE ROBERTS                                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion by the United States for a psychological examination and hearing to determine Defendant Carol Lee Roberts' mental competency to stand trial (DN 13). Roberts, by appointed counsel, has filed a response in opposition (DN 14). For the reasons that follow, the motion is **DENIED**.

### Background

Roberts was charged by criminal complaint with making interstate threats under 18 U.S.C. § 845(d) (DN 1). According to the affidavit in support, in 1983 Roberts claimed a work-related injury and filed a claim for Worker's Compensation benefits. Liberty Mutual was the carrier providing coverage for her employer. The case was settled in Robert's favor in 1985 and again in 1989, but in 2015 the decision was reversed and Liberty Mutual was declared not obligated to provide certain medical items. In 2018, Roberts filed in this Court a civil lawsuit against Liberty Mutual employees. The case was dismissed in September 2018. The affidavit alleges that,

thereafter, Roberts made telephone calls to certain current and former Liberty Mutual employees, and in one instance the son of a former Liberty Mutual employee, both on their business and personal phones, and left threatening messages.  Recordings of the messages were provided to the FBI by Liberty Mutual and the individuals.  The affidavit further recounts that Roberts posted recordings of the threatening communications on her social media accounts.

Roberts was served with summons for an initial appearance.  Roberts failed to appear as summonsed.  Instead, she had delivered to the undersigned's chambers a large number of documents purporting to establish that she was an "Expatriated American National" and therefore not subject to the Court's jurisdiction.  An arrest warrant issued, and law enforcement officers were required to use force to bring Roberts into custody.  At her initial appearance, Roberts maintained that she "was a living woman" who was "*sui generis*" and not subject to the Court's jurisdiction.  She refused to provide a direct answer to whether she wished to be represented by counsel, wished to be considered for appointment of counsel, or wished to waive her right to representation by counsel and proceed *pro se*.  Consequently, the undersigned appointed counsel to represent her and scheduled a preliminary hearing and a detention hearing.

Roberts was no more cooperative at the subsequent hearings.  She again refused to provide direct answers to even the simplest questions, choosing rather to reiterate her status as a living woman who was not subject to the Court's jurisdiction.  She again refused to directly answer questions about her legal representation or to participate in the undersigned's efforts to conduct a <u>Faretta</u> hearing.  The undersigned concluded, having failed to express a clear and unequivocal waiver of her right to representation by counsel, that the appointment of counsel would remain in place.  Roberts' appointed counsel then represented her in the preliminary and detention hearings.

Since then, her appointed counsel reports that Roberts has rejected counsel's efforts to collaborate with her on her defense.

## The United States' Motion

The United States has moved that Roberts undergo a psychological evaluation pursuant to 18 U.S.C. § 4241 to determine if she is competent to stand trial. The United States indicates it questions Roberts' competency to stand trial based on her behavior in the case. It notes she refused to appear on summons and law enforcement officers were forced to breach her barricaded home door to effect her arrest. At the hearings in the case the United States describes her as "extremely confrontational," refused legal representation, disputed her name and claimed that it was copyrighted, was unwilling to answer the Court's questions and "questioned the court's jurisdiction based on a bizarre and unintelligible claim that she was somehow immune from federal prosecution because she is a 'living woman.'" (DN 13, p. 3). This behavior, the United States reasons, calls into question whether Roberts is mentally competent.

## Roberts' Objection

Roberts, through her appointed counsel[1] has objected to the motion. Roberts notes that she has not raised mental competence as a defense at this juncture in the case. Her behavior in the hearings, even if confrontational or invoking legal defenses the United States finds bizarre, do not give rise to the level of concern necessary to compel her to undergo a competency evaluation.

## Discussion

The applicable statute requires a district court to order a competency evaluation upon a party's motion or *sua sponte* "if there is a reasonable cause to believe" the defendant is incompetent

---

[1] As earlier noted, counsel was appointed for Roberts over her protestation when she refused to provide coherent responses to whether she waived her right to representation by counsel. Appointed counsel states the objection is filed on Roberts' behalf as a matter of professional obligation to protect her rights.

to stand trial. 18 U.S.C. § 4241(a). A defendant is incompetent to stand trial when she lacks a "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" and lacks "a rational as well as factual understanding of the proceedings against [her]." Dusky v. United States, 362 U.S. 402, 402 (1960).

Here, Roberts' behavior appears to stem from her belief that she has taken the necessary steps to legally separate herself from the persona subject to prosecution and that, as an Expatriated American National, she is not subject to the Court's jurisdiction. During her initial appearance, the undersigned commented that her philosophy appeared to be in the vein of those who assert that they are "Sovereign Citizens" and likewise not subject to the Court's jurisdiction. She vehemently denied that she was claiming sovereign citizenship. Nonetheless, the voluminous documents she delivered to Chambers, which the undesigned has had filed in the docket (DN 5), included affidavits and certifications demonstrating that she subscribes to a complex, albeit legally invalid, theory of her relationship to the government and the applicability of its laws which bears many of the hallmarks common to sovereign citizenship, tax protestor, or other fringe beliefs. Courts have found these fringe beliefs an insufficient basis upon which to order a competency hearing:

> However, as the United States points out, Defendant's legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans. *See, e.g., United States v. McLaughlin*, 675 F. App'x 387, 387 (4th Cir. 2017) (per curiam) (noting that the district court perceived the defendant's behavior as the product of his defiance and adherence to Moorish Nationalist ideals, rather than any mental instability or inability); *United States v. Amir*, 644 F. App'x 398, 399 (6th Cir. 2016) (rejecting the defendant's attempts "to argue that he is not a citizen of the United States, but a citizen of the 'Republic of Ohio,' to whom our federal courts' jurisdiction does not apply."); *Rott v. Oklahoma Tax Comm'n*, 604 F. App'x 705, 708 (10th Cir. 2015) (rejecting the *pro se* plaintiff's "trust arguments . . . that until the relevant government actor . . . establishes a commercial nexus, there is no 'taxpayer;' hence, no income"); *United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015) (holding that the defendant's

> "numerous comments . . . disputing jurisdiction and other 'nonsensical' issues such as calling the United States a corporation" along with his profession of a sovereign citizen belief system did not display a lack of competence); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that the phrases used by the defendant "are often used by so-called 'sovereign citizens, who believe they are not subject to the jurisdiction of the courts and who frequently deny that they are the defendants in the action, instead referring to themselves as third-party intervenors"); *United States v. Vallone*, 698 F.3d 416, 482 (7th Cir. 2012), (noting that the claim that one is a sovereign citizen and therefore not a citizen of the United States under the Fourteenth Amendment and the Code of Federal Regulations is "emblematic of tax protesters" and has been repeatedly rejected as frivolous by the courts)*, judgment vacated on other grounds sub nom. Dunn v. United States*, 133 S. Ct. 2825, 186 L. Ed. 2d 881 (2013); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *United States v. James*, 328 F.3d 953, 954-56 (7th Cir. 2003) (disruptive defendant who claimed that he was a Moorish national and "copyrighted" his name and sent invoices to government officials who used his name did not warrant a competency hearing).

United States v. Coleman, 871 F.3d 470, 476 (6th Cir. 2017).

Ultimately, "merely believing in fringe views does not mean someone cannot cooperate with [her] lawyer or understand the judicial proceedings around [her]." United States v. Gooch, 595 Fed. Appx. 524, 527 (6th Cir. 2014) (citation omitted). "'Sometimes these beliefs are sincerely held, sometimes they are advanced only to annoy the other side, but in neither event do they imply mental instability or concrete intellect so deficient that trial is impossible.'" Id. at 528 (*quoting* United States v. James, 328 F.3d 953, 955(7th Cir. 2003)). The Northern District of Georgia made the following observations about a defendant's behavior that was strikingly similar to Roberts':

> In proceedings, the observant sovereign-citizen defendant clings doggedly to the sovereign-citizen script, which the record in this case reveals to be tedious and mind-numbingly repetitious. Any colloquy with the court is usually characterized by frequent interruptions by the defendant, who attempts to talk over the judge.

5

> For the most part, the defendant's statements to the Court are gibberish. On the matter of legal representation, the defendant will often refuse to cooperate with, or even speak to, his appointed counsel and will sometimes protest that he never authorized appointment of counsel. Yet, when the Court attempts to engage the defendant to determine whether the latter wants new counsel or wants to represent himself, the non-responsive dialogue begins, with the defendant refusing to affirmatively indicate his waiver of counsel or to answer in any coherent way as to how he wishes to proceed.

United States v. Perkins, No. 1:10-cr-97-1-JEC-LTW, 2013 U.S. Dist. LEXIS 102951 at *5-6 (N.D. Ga. July 23, 2013).

Here, Roberts confrontational behavior during the hearings is a result of her hostility to the Court's exercise of jurisdiction over her, which runs counter to her apparently deeply-held belief that her Expatriated American National status renders her immune from the present proceeding. Likewise, her refusal to directly respond to questions about her legal representation appears to correlate with her expressed belief that attorneys admitted to practice before the Court are "officers of the Court" and therefor aligned with the government. During the preliminary hearing and detention hearing Roberts did consult with her appointed counsel during his questioning and argument on her behalf. While she now seems resistant to her appointed counsel's efforts to work with her, "[t]he *decision* not to speak with one's lawyer is a defendant's prerogative, not a sign of mental incompetence." Gooch, 595 Fed. Appx. at 528 (emphasis in original). In sum, there is no reasonable cause to believe the defendant is incompetent to stand trial. Roberts does not appear to lack sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding or lack a rational as well as factual understanding of the proceedings against her.

ORDER

**WHEREFORE**, the motion of the United States for a mental competency evaluation (DN 13) is **DENIED**.

April 21, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel